Daniel, J.,
dissent. There is not a particle of evidence in the case, which would authorize the Court and jury to say, that the prisoner had malice aforethought express against the deceased; but there is abundant evidence, that the deceased had express malice against the prisoner. The prisoner in the night time left the house of llagar Nutt, whistling and apparently in a good humor. The deceased said nothing to him in the house, but as soon as the prisoner left the house and was in the dark, he hailed him; and, on being civilly answered by the prisoner, returned the answer by curses and abusive language; and then refused to submit his complaint, whatever it was, to the award of the company, but said, he should let the prisoner know what he wanted, when he should come up with him. He did come up, and immediately an effort for combat ensued between the parties. The prisoner, being a little loth to enter into it, retreated. The deceased pressed on him, and in his advance stooped down, as if in the act of picking up something, and at that moment the prisoner gave him one blow with a deadly weapon, as it seemed from the nature of the wound, for the instrument was not seen by any of the company, from the darkness of the night or some other cause. From this evidence, the prisoner was guilty of murder by malicp implied in law, unless then he had then a reasonable ground to believe, that a felony was intended and about to be committed on him by the deceased. If he then had such a reasonable ground of belief, although it turned out, in fact, that no felony was intended by the deceased, still it was not in law a case of murder, East’s P. C. ch. 5, sec. 46; 1 Hale 470; Foster 299. Notwithstanding this was the only ground of defence the prisoner had, the Court did not, as far as wo can learn from the *418 case sent up here, inform the jury that such was the law; n or does it appear that the Court said one word to the jury upon this, the only possible ground, the prisoner had to escape the charge of murder. The jury, it seems, were left entirely uninformed and in the dark, as to the law on this point of the case. And whether the prisoner -had then a reasonable ground to believe the deceased meant to take his life, was a matter of fact, for the determination of the jury, and not for the decision of the Court. Take all the evidence in the case 'and it seems to me; that the prisoner had strong- grounds to suspect,' that then was the time the deceased was about to take his vengeance on him, on account of his jealousy of his mistress, and also to execute his previous threats. These threats had been told to the prisoner; and he must have known, that, about a fortnight before, the deceased had tom to pieces his cap, and also the threat he then made. It being done at his boarding house and in the presence of the inmates of the house, they must have told him of it.
But it is now said for the State, that this Court cannot see from the case sent here, that the prisoner’s counsel prayed the Court to charge the jury, that if the prisoner had a reason table ground to believe, that the deceased intended then to kill him, there in the dark, it was not a case of murder. 'The prayer is not very definite on this point, I-admit; but the counsel did pray the Court to inform the jury, that from the evidence the prisoner was-not guilty of murder, but that it was only a case, at most, of manslaughter. The Court charged, that, as the deceased was unarmed, and had not stricken the prisoner a blow or even touched him, the slaying with a deadly weapon was murder. So far, there can be no complaint of the charge; nor do I perceive from the case, that any objection had been raised on the trial to a principle of law so plain, if the prisoner knew that the deceased was unarmed. If the judge had continued on his charge, and told the jury, that, even if the deceased was then unarmed, and it afterwards appeared that the deceased did not then intend to commit a felony on the prisoner, still, *419 if, from the antecedent threats and conduct, and the then language and conduct, of the deceased, and the darkness of the night, the prisoner believed that the deceased was armed with a dirk or other deadly weapon and intended to kill him, then it was not a case of murder. I say that such a charge would have covered the whole case. The prayer of the counsel, it seems to me, covered the last ground in the case, as much as that upon which the Judge spoke, and, as the Judge did charge, his charge, I think, should have extended to that part of the law, on which the prisoner had some right to expect his case to be' taken out of the crime of murder. I think the prisoner should have his case put to another jury.
Per Curiam, . Ordered- that it be certified, there • \ is no errror in the judgment below.